**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.: _____**

Deborah Fooks,
     Plaintiff

v.

Stanley Wienberg & Associates,
     Defendant

_____

**COMPLAINT AND JURY DEMAND**
_____

**<u>JURISDICTION</u>**

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

## VENUE

2.     Venue is proper before this Court as the acts and transactions giving rise to

this suit occurred in this State, because Plaintiff resides in this State, and because

Defendant transacts business in this State.

## PARTIES

3.     Plaintiff, Deborah Fooks (hereinafter "Plaintiff"), is a natural person residing

in Colorado.

4.     Defendant, Stanley Weinberg & Associates (hereinafter "Defendant"), was a

corporation engaged, by use of the mails and telephone, in the business of

collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C.

§1692a(5). Defendant regularly attempts to collect debts alleged to be due another,

and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint,

including within the year preceding the filing of this complaint, Defendant

contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's

conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Repeatedly contacting Plaintiff at her place of employment after being

      informed that such calls are inconvenient to Plaintiff and violate the

policy of Plaintiff's employer, in violation of 15 USC 1692 § 1692c(a)(1)(3);

b) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening to take legal actions against Plaintiff within the first 30 days after the initial communication with Plaintiff, thereby overshadowing Defendants required notification to Plaintiff regarding the 30 day dispute period, in violation of 15 USC § 1692g(b);

c) Falsely representing the character, amount, or legal status of Plaintiff's debt, including threatening to "file a judgment" against Plaintiff, thereby misrepresenting that a lawsuit had already been filed, in violation of 15 USC § 1692e(2)(A);

d) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, in violation of 15 USC § 1692d(5); and

e) Contacting third persons, including Plaintiff's neighbor and co-workers, for reasons other than obtaining location information, in violation of 15 USC 1692b and 1692c(b).

6.     Defendant's aforementioned conduct constitutes an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

7.     Defendant's aforementioned conduct constitutes an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.   Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

## TRIAL BY JURY

7.     Plaintiff is entitled to and hereby demands a trial by jury.

## COUNT I, FDCPA VIOLATIONS

8.     The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

9.     The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

10.    Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## PRAYER

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

A.     a declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages;

C.     Punitive Damages;

D.     Statutory damages pursuant to 15 U.S.C. § 1692k;

E.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

and,

F.   Such other and further relief as may be just and proper.

## COUNT II: COMMON LAW INVASION OF PRIVACY

19.   Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against

the Defendant for the following:

A.   Actual damages;

B.   Punitive Damages; and,

C.   For such other and further relief as may be just and proper.

**Respectfully submitted,**

May 1, 2009                    **/s/ Tammy Hussin**
                               **Tammy Hussin**
                               **Weisberg & Meyers LLC**
                               **6455 Pyrus Place**
                               **Carlsbad, CA 92011**
                               **866 775 3666**
                               **866 565 1327 facsimile**
                               **thussin@AttorneysForConsumers.com**